IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.          No.    1:09-cr-03457

BRAD AHRENSFIELD,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On November 18, 2010, Defendant Brad Ahrensfield filed a Motion To Exclude Testimony And Evidence Concerning False Statements, Or In The Alternative, To Instruct The Jury That Mr. Ahrensfield Was Acquitted Of Making False Statements (Doc. No. 85).  On November 19, 2010, the Government filed its Response (Doc. No. 88) to Ahrensfield's Motion and, on November 22, 2010, Ahrensfield filed a Reply (Doc. No. 90). Having considered the arguments raised by both parties as well as the applicable law, the Court concludes that Ahrensfield's Motion should be denied.

In April 2010, Ahrensfield was tried on one count of making false statements and one count of obstruction of justice for his actions related to an investigation of drug activity at Car Shop, a business in Albuquerque, NM.  The charges stemmed from an allegation that Ahrensfield had disclosed the details of the investigation to Shawn Bryan, the owner of the Car Shop and the target of the investigation.  The jury acquitted Ahrensfield on the false statements charge, but was unable to reach a verdict on the obstruction of justice charge.  As a result, the Government will re-try Ahrensfield on the obstruction of justice charge. A jury trial is currently

scheduled to begin on November 29, 2010.

In his Motion, Ahrensfield argues that the Government should be precluded from introducing at trial "[a]ny statements or evidence pertaining to the count involving false statements" as those statements have already been submitted to a jury and a jury has determined those issues. Motion at 3. Ahrensfield contends that admitting evidence related to the charge he was acquitted on would violate his Fifth Amendment Rights because Ahrensfield "would be forced to again rebut those allegations." *Id.* According to Ahrensfield, the Double Jeopardy Clause precludes the Government from relitigating the issue of whether Ahrensfield made false statements because "jeopardy has firmly attached and retrial is barred." *Id.* Ahrensfield also argues that any evidence regarding false statements should be excluded because it is not relevant to the obstruction of justice charge.

In its Response, the Government contends that jeopardy has not attached to Ahrensfield with respect to the obstruction of justice charge and that the Government is not precluded from introducing evidence that Ahrensfield made false statements to FBI agents and a fellow APD officer. The Government contends that it intends to offer evidence regarding the statements Ahrensfield made "as proof of [Ahrensfield's] guilty knowledge." Response at 2. The Government contends the burden of proof for offering this evidence is a preponderance of the evidence and that it is therefore not precluded from presenting the evidence because it is permissible to "relitigat[e] an issue when it is presented in a subsequent action governed by a lower standard of proof." *Id.* (quoting *Dowling v. United States*, 493 U.S. 342, 347 (1990)).

**DISCUSSION**

**I. Double Jeopardy Clause**

The Double Jeopardy Clause "embodies two vitally important interests." *Yeager v. United States*, 129 S.Ct. 2360, 2365(2009). The first is the principle that the state is not permitted to make repeated attempts to convict an individual for the same offense. *See id.* "The second interest is the preservation of the 'finality of judgments.'" *Id.* at 2366. While Ahrensfield mentions the first principle in his Motion, his argument focuses on the second issue—preserving the finality of judgments by precluding relitigation of an issue that was decided in the first trial. *See* Motion at 3.

The United States Supreme Court has made clear that the Government is precluded from "relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial." *Yeager*, 129 S.Ct. at 2366. This is because "when an issue of ultimate fact has once been determined by a valid and final judgment of acquittal, it cannot again be litigated in a second trial for a separate offense." *Id.* (quotation marks omitted). The Supreme Court has instructed that courts "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration" when determining whether an issue was necessarily determined by the jury. *Id.* at 2367. This inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Id.* (quotation marks omitted).

The Supreme Court first articulated this test in *Ashe v. Swenson*, 397 U.S. 436 (1970). There, a defendant had been acquitted of robbing an individual at a poker game. *Id.* at 439. Following the acquittal, the government tried the defendant for the robbery of another individual

at the poker game and obtained a conviction. *Id.* In reversing the conviction, the Supreme Court noted that "the record [was] utterly devoid of any indication that the first jury could rationally have found that an armed robbery had not occurred, or that [the victim] had not been a victim of that robbery. *Id.* at 445. The single rationally conceivable issue in dispute before the jury was whether the petitioner was one of the robbers . . .[a]nd the jury by its verdict found that he [was] not." *Id.* Because the identification of the defendant as one of the robbers was the *only* issue in dispute, the Court concluded that the government was barred by the Double Jeopardy Clause from trying the defendant for a separate offense stemming from the same robbery. *See id.* Because the jury had necessarily concluded that the defendant was not one of the robbers in the first trial, the government could not retry that same issue at the second trial.

In *Yeager*, the defendant was charged with a number of counts of fraud and insider trading. 129 S.Ct. at 2363. The jury acquitted the defendant on the fraud counts, but hung on the insider trading counts. *Id.* at 2364. When the government attempted to retry the defendant on only the insider trading counts, the defendant argued that by acquitting him of the fraud charges, the jury had necessarily determined that he did not possess material, nonpublic information. *Id.* Because possession of material, nonpublic information was an essential element of the insider trading charges, the defendant asserted that the government could not retry him on the insider trading charges. *Id.* While the Supreme Court ultimately reversed the Fifth Circuit on the ground that it was impermissible to consider the fact that the jury hung on one count when determining whether the jury necessarily decided an issue in the second count, the Court declined to determine whether the government was permitted to retry the defendant under the circumstances of the case. *Id.* at 2370. The Court noted, however, that "if the possession of insider information was a critical issue of ultimate fact in all of the charges against petitioner, a jury verdict that

necessarily decided that issue in [the petitioner's] favor protects him from re-prosecution for any charge for which that is an essential element." *Id.* at 2368-69.

Notably, in both *Ashe* and *Yeager*, the issue decided in the first trial was an element of the charges submitted to the jury in the second trial. In *Ashe*, the defendant's identity was an element in both the first and second trial and in *Yeager* the possession of material, nonpublic information was an element in both trials. Here, in contrast, the false statements charge on which Ahrensfield was acquitted does not share any of the same elements as the obstruction of justice charge.[1] Thus, rather than seeking to entirely preclude his second trial like the defendants did in *Ashe* and *Yeager*, Ahrensfield is simply trying to exclude some evidence from being submitted to the jury in his second trial. Nothing in *Yeager* or *Ashe* stands for the proposition that evidence that is relevant to more than one charge cannot be submitted in a second trial. Rather, those cases focus on situations where an element of a charge in a re-trial was an element of the charge on which the defendant was acquitted. *See Yeager*, 129 S.Ct. at 2366 (noting that "[t]he proper question, under the Clause's text, is whether it is appropriate to treat the [acquitted] charges as the 'same offense' as the [hung] charges").

In fact, the United States Supreme Court has explicitly held that the collateral-estoppel component of the Double Jeopardy Clause does not "exclude in all circumstances . . . relevant

---

[1]The jury was instructed that in order to find Defendant guilty of making false statements, it had to find (1) that Ahrensfield made a false statement to the government, (2) that Ahrensfield made the statement knowing it was false, (3) that Ahrensfield made the statement willfully, (4) that the statement was made in a matter within the jurisdiction of the executive branch of the United States Government, and (5) that the statement was material to the FBI. Court's Jury Instructions (Doc. No. 47). To convict Ahrensfield of obstruction of justice, the jury had to find that Ahrensfield (1) knowingly and corruptly obstructed, influenced, or impeded or attempted to obstruct, influence, or impede an official proceeding, and that Ahrensfield's actions had a relationship in time, causation, or logic with the proceeding such that it was foreseeable that Defendant's conduct would interfere with the proceeding. *See id.*

and probative evidence that is otherwise admissible . . . simply because it relates to alleged criminal conduct for which a defendant has been acquitted." *Dowling v. United States*, 493 U.S. 342 (1990).  In *Dowling*, the Court assumed that the defendant's acquittal had established that there was a reasonable doubt regarding whether the defendant was the masked man who had entered a home a few weeks prior to a bank robbery, but held that testimony regarding that act was admissible under Rule 404(b) because "a jury might reasonably conclude that [the defendant] was the masked man who entered [the] home, even if it did not believe beyond a reasonable doubt that [the defendant] committed the crimes charged at the first trial."  Here, like *Dowling*, the jury might reasonably conclude that Ahrensfield told the FBI agents that he did not know anything about the investigation at Car Shop or that he did not say anything to Shawn Bryan even though the jury did not believe beyond a reasonable doubt that Ahrensfield committed the *crime* of making false statements.

Because the crime of making false statements does not share any of the same elements as the crime of obstruction of justice, the Court concludes that *Yeager* and *Ashe* are inapplicable to this case and do not preclude the Government from presenting evidence that Ahrensfield lied to the FBI agents when he was questioned outside of his home.

Further, even if the Court were to ignore the Supreme Court's refusal to extend *Ashe* to exclude all relevant and admissible evidence that relates to criminal conduct for which a defendant has been acquitted, and even if *Yeager* and *Ashe* could be read to support Ahrensfield's argument, Ahrensfield has not met his burden of proving that the question of whether he lied was necessarily decided by the jury in his first trial.  As the Supreme Court has guided, the ultimate question to be decided is "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."

*Yeager*, 129 S.Ct. at 2367.  Here, a rational jury could have grounded its verdict on an issue other than a determination that Ahrensfield did not make a false statement to the government. The jury was instructed that in order to find Ahrensfield guilty, the government had to prove (1) that Ahrensfield made a false statement to the government, (2) that Ahrensfield made the statement knowing it was false, (3) that Ahrensfield made the statement willfully, (4) that the statement was made in a matter within the jurisdiction of the executive branch of the United States Government, and (5) that the statement was material to the FBI.

Ahrensfield argues that the jury necessarily concluded that he did not make a false statement to the government and that the Government therefore cannot present testimony about statements he made to the FBI.  However, a jury could have rationally acquitted Ahrensfield on an issue other than whether Ahrensfield made a false statement.  Specifically, the jury could have concluded that Ahrensfield may have made a false statement, but that the statement was not material to the FBI.

A trial, Ahrensfield's attorney elicited testimony from Agent Washington, one of the FBI agents who questioned Ahrensfield, that "the investigation was compromised, and that they could no longer do proactive things against Mr. Bryan" prior to the agent's interview of Ahrensfield. Transcript Volume III at 67 (Doc. No. 67).  In addition, Agent Washington testified that he knew that Bryan had told an APD officer that Ahrensfield had provided Bryan with information about the Car Shop investigation prior to interviewing Ahrensfield.  *Id.* at 71. In his closing argument, Ahrensfield's attorney argued that

> Material is an element that has to be proven. If I can go to -- Judge Parker instructed you on instruction, to convict Mr. Ahrensfield, they have to prove that the statement was material. It's material if it is capable of influencing a decision of the FBI, not to confirm the leak. They were going there to confirm a leak, to see if this -- see, that is not a decision. I guarantee you one thing that you can count on and take it to the bank. They

7

> had already made the decision to prosecute him for obstruction of justice. They already made that decision. They knew he had talked with Shawn. They weren't making the decision that night. They were confirming that. That's not what the statute makes criminal.

Partial Transcript of Proceedings at 25 (Doc. No. 65).  Thus, Ahrensfield not only elicited testimony challenging whether the statements Ahrensfield made were material, but he also specifically focused on the materiality element during his closing argument.  Because of this, the Court concludes that the jury could have rationally acquitted Ahrensfield on the basis that the Government had failed to prove the materiality of the statements.

Because the jury could have rationally acquitted Ahrensfield on the basis that the Government had failed to prove the materiality of the statements, the Court concludes that Ahrensfield has failed to meet his burden of establishing that the jury necessarily decided that he did not make a false statement to the FBI such that the Government is precluded from introducing evidence of the statements Ahrensfield gave to the FBI during the re-trail of the obstruction of justice charge.

**II.  Relevancy**

Ahrensfield also argues that the rules of evidence foreclose presentation of evidence pertaining to the statements he made to the FBI and to Agent Olivas.  Ahrensfield contends that evidence regarding the statements is not relevant to any of the elements of obstruction of justice, that the evidence will confuse the issues and mislead the jury, and that the evidence's probative value is outweighed by the danger of unfair prejudice.  Motion at 6.  In its Response, the Government contends that a defendant's lies or evasive responses are relevant to show consciousness of guilt and that the probative value of the evidence easily outweighs any prejudice caused by the evidence.

As the Tenth Circuit has recognized "[l]ying to the police is an indicia of guilt." *Teague v. Overton,* 15 Fed. Appx. 597, 602, (10th Cir. 2001) (unpublished). Here, the fact that Ahrensfield denied knowing anything about an investigation at the Car Shop and denied saying anything about the investigation to Shawn Bryan tends to show Ahrensfield's consciousness of guilt. This evidence therefore has probative value. Aside from the fact that the jury could conclude that Ahrensfield lied by denying his disclosure of the investigation to Bryan, there is nothing unduly prejudicial about the content of his statements to the FBI that would warrant excluding the statements. Further, while Ahrensfield argues that the jury would be misled and confused by the introduction of this testimony, the Court concludes that there is no danger of confusion.

In support of his argument that the jury would be misled, Ahrensfield directs the Court to *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996) where the Fifth Circuit Court of Appeals concluded that a jury would be misled and confused by the introduction of evidence that had been presented at a prior trial at which the defendant was acquitted. Importantly, the evidence that was excluded in *Morris* was an independent illegal act, an act that the defendant had been acquitted of, that the government wanted the jury to consider when determining whether the defendant had engaged in a broad conspiracy scheme. Thus, the concern was that the jury would independently base its verdict on the commission of the specific illegal act, not on the overall conspiracy. Here, in contrast, there is nothing inherently illegal about the statements that Ahrensfield made to the FBI agents as lying is only a crime when it is done in a manner that satisfies all of the elements of a specific criminal offense such as the crime of making false statements. Thus, there is no danger that the jury could base its verdict on the obstruction of justice charge solely on the statements Ahrensfield made to the FBI as the jury will not have any

basis to conclude that Ahrensfield committed a crime by allegedly lying to the FBI. The Court therefore concludes that the statements are admissible at trial as their probative value outweighs any prejudicial effect they may have.

### III. Appeal

Finally, in his Reply, Ahrensfield requested that the Court immediately rule on this Motion because, if the Court rules in favor of the Government, Ahrensfield intends to file a notice of appeal. The United States Supreme Court has permitted, under the collateral order doctrine, the interlocutory appeal of the denial of a motion to dismiss an indicted charge on double jeopardy grounds. *See Abney v. United States*, 431 U.S. 651 (1977). The Supreme Court noted that a pre-trial order denying a motion to dismiss an indictment on double jeopardy grounds "fall[s] within the small class of cases" that are beyond the confines of the final-judgment rule because "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence." *Id.* at 660. Specifically, because the Double Jeopardy Clause protects a defendant from "being twice put to trial for the same offense," an interlocutory appeal is necessary to protect a defendant's rights. *Id.* at 661. In order to properly appeal the denial of a motion to dismiss on double jeopardy grounds, a defendant must also have a colorable claim. *See Richardson v. United States*, 468 U.S. 317 (1984).

Here, Ahrensfield does not seek the dismissal of the charges against him nor does he seek to prohibit the Government from putting him to trial a second time for the same offense. Rather, Ahrensfield raises the Double Jeopardy Clause in support of his motion to exclude evidence at trial. The denial of a motion to suppress evidence, unlike the denial of a motion to dismiss on double jeopardy grounds, is an evidentiary ruling that is not an immediately appealable order.

*See United States v. Schneider*, 594 F.3d 1219, 1229 (10th Cir. 2010) (noting that "evidentiary rulings are not appealable orders").  Because Ahrensfield's Motion is a motion to exclude evidence and because, based on the Court's analysis of the issue, there is no apparent colorable claim regarding the Double Jeopardy Clause, it appears to the Court that an interlocutory appeal would not be appropriate.

IT IS ORDERED that Defendant Brad Ahrensfield's Motion To Exclude Testimony And Evidence Concerning False Statements, Or In The Alternative, To Instruct The Jury That Mr. Ahrensfield Was Acquitted Of Making False Statements (Doc. No. 85) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE