**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

     Plaintiff,

vs.                                                                                No.     1:09-cr-03457

BRAD AHRENSFIELD,

     Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S
MOTION FOR TRIAL TO PROCEED AS SCHEDULED**

On November 18, 2010, Defendant Brad Ahrensfield filed a Motion To Exclude Testimony And Evidence Concerning False Statements, Or In The Alternative, To Instruct The Jury That Mr. Ahrensfield Was Acquitted Of Making False Statements (Doc. No. 85) (Motion to Exclude). On November 22, 2010, the Court filed a Memorandum Opinion and Order (Doc. No. 93) ("November 22, 2010 Memorandum Opinion and Order") denying Ahrensfield's Motion to Exclude.  On November 23, 2010, Ahrensfield filed a Notice of Appeal (Doc. No. 96) appealing the Court's Memorandum Opinion and Order.  Later that day, the Government filed a Motion For Trial To Proceed As Scheduled (Doc. No. 98) and a Motion To Supplement Its Motion For Trial To Proceed as Scheduled (Doc. No. 101) (collectively "Motion for Trial to Proceed") asserting that the Court retained jurisdiction over Ahrensfield's trial despite Ahrensfield's Notice of Appeal because the issue decided in the Court's Memorandum Opinion and Order is not appealable. The Government alternatively requested that the Court hold a hearing to determine whether Ahrensfield's appeal is frivolous. Ahrensfield filed a Response in Opposition (Doc. No. 102) ("Response") on November 24, 2010. The Court provided both parties additional time to

brief the issue and, on November 29, 2010 the Government filed a Reply To Defendant's Response (Doc. No. 105) ("Reply") and Ahrensfield filed a Supplemental Brief on Double Jeopardy Issue (Doc. No. 108) ("Supplemental Brief"). The Court held a hearing on November 30, 2010 and, after considering the arguments of both parties and the applicable law, concludes that the Court has not been divested of its jurisdiction and that trial should proceed as scheduled on December 13, 2010.

## DISCUSSION

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). "The divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one. *Id.* at 575. "When the interlocutory appeal is from the denial of a motion to dismiss an indictment based on double jeopardy . . . the central issue in the appeal is the defendant's asserted right not to have to proceed to trial." *Id.* at 576. Unlike "some interlocutory appeals under 28 U.S.C. §1292(b) that challenge discrete orders that can be carved out and isolated from the remainder of the case, a motion to dismiss the *entire* proceeding based on a defense of double jeopardy . . .cannot be so isolated" and if the defense is valid, "then no part of the action should proceed against the defendant." *Id.* Thus, "an interlocutory appeal from an order refusing to dismiss on double jeopardy grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant." *Id.*

Because of the risk that interlocutory appeals of double jeopardy issues will be subject to abuse, the Tenth Circuit Court of Appeals has noted that such an appeal does not "leave the trial

court powerless to prevent intentional dilatory tactics by enabling a defendant unilaterally to obtain a continuance at any time prior to trial by merely filing a motion, however frivolous, and appealing the trial court's denial therof." *United States v. Hines*, 689 F.2d 934, 936-37 (10th Cir. 1982). In order to prevent the abuse of interlocutory appeals, a district court can regain its jurisdiction if, after a hearing and for substantial reasons given, the court finds the claim to be frivolous. *Stewart*, 915 F.2d at 576. Thus, "[o]nce a notice of appeal on an appealable issue . . . is filed, the status quo is that the district court has lost jurisdiction to proceed. To regain jurisdiction, [the court] must take the affirmative step of certifying the appeal as frivolous or forfeited, and until that step is taken it simply lacks jurisdiction to proceed with the trial." *Id.* at 577-78.

## I. Ahrensfield's Appeal Is Frivolous

The Court concludes that it has continuing jurisdiction over Ahrensfield's trial for the following reasons. First, Ahrensfield is not appealing from the denial of a motion to dismiss the indictment against him on double jeopardy grounds. Rather, Ahrensfield is appealing the denial of a motion to exclude evidence on double jeopardy grounds. The rationale behind allowing an interlocutory appeal of a denial of a motion to dismiss on double jeopardy grounds is that the Double Jeopardy Clause guarantees that a defendant will not be put to trial twice for the same offense. *Hines*, 689 F.2d at 936. "[I]f a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs." *Abney v. United States*, 431 U.S. 651, 662 (1977). In *Stewart*, the Tenth Circuit emphasized that an interlocutory appeal of the denial of a motion to dismiss is necessary because the motion affects the entire proceeding. *See Stewart*, 915 F.2d at 576.

The Court's evidentiary ruling, in contrast, does not affect Ahrensfield's right to not be put to trial twice for the same offense nor does the Court's ruling affect the entire proceeding. If the Court had granted Ahrensfield's Motion To Exclude, the trial against Ahrensfield would have proceeded as the outcome of Ahrensfield's motion did not in any way affect the Government's ability to bring Ahrensfield to trial on the obstruction of justice charge.  That is because Ahrensfield only sought to preclude the Government from presenting certain evidence to the jury, he did not seek to preclude the Government from retrying the obstruction of justice charge. Thus, unlike the interlocutory appeals at issue in *Stewart* and *Hines*, resolution of Ahrensfield's appeal does not affect the entire action such that the Court should be divested of jurisdiction to proceed with the obstruction of justice charge against Ahrensfield. Because the primary basis for permitting an interlocutory appeal is protecting the Double Jeopardy Clause's guarantee that a defendant will not be put to trial twice for the same offense, and because that guarantee is not implicated in any way by the introduction of evidence that was admitted in a prior trial, the Court concludes that Ahrensfield's appeal did not divest the Court of its jurisdiction.

Second, the Court also concludes that Ahrensfield's appeal is frivolous.  As the Court explained in its Memorandum Opinion and Order, *Ashe* and *Yeager*, the cases Ahrensfield relied on in his Motion To Exclude, held that the Double Jeopardy Clause precludes a second trial when an element that was necessarily decided in the first trial is an element of the offense in the second trial. *See* Memorandum Opinion and Order at 5.  As the Tenth Circuit has explained, *Ashe* requires the application of a two part analysis in which a court must determine whether the "issue the defendant[] wish[es] to foreclose from trial [is] the actual basis for the[] prior acquittal" and whether "the same issue [is] necessary to the prosecution's case in this

4

proceeding." *United States v. Wittig*, 575 F.3d 1085, 1098 (10th Cir. 2009).  Thus, neither *Ashe* nor *Yeager* held that evidence admitted in one trial is barred from being admitted at a subsequent trial and, in fact, the United States Supreme Court in *Dowling v. United States*, 493 U.S. 342 (1990) explicitly allowed the introduction of evidence in a second trial that was presented at a prior trial resulting in an acquittal.  *See* Memorandum Opinion and Order at 5.

The Tenth Circuit Court of Appeals has expressly held that the admissibility of evidence, even when raised in the context of a double jeopardy claim, is not a proper consideration in an interlocutory appeal.  *United States v. Wittig*, 575 F.3d 1085 (10th Cir. 2009).  In *Wittig*, a defendant argued that the government was barred from trying him for a broad wire fraud conspiracy because the defendant had previously been acquitted on a more narrow conspiracy charge.  The defendant contended that the Double Jeopardy Clause barred the subsequent trial because the government would have to rely on the same conduct that formed the basis of the earlier conspiracy charge.  In rejecting this argument, the Tenth Circuit noted that its "interlocutory appellate jurisdiction limit[ed] [it] to asking whether the crime charged in the indictment *requires* proof of the issue conclusively decided in [the prior trial], and cannot be focused on the admissibility of this or that piece of evidence."  *Id.* at 1101.  Because the government in *Wittig* was not required to prove the same conduct in both the first and second trial, the Double Jeopardy Clause did not bar the second trial.  Here, Ahrensfield does not even attempt to argue that the charge of obstruction of justice requires proof of any element of the false statements charge on which he was acquitted and instead raises the Double Jeopardy Clause solely as a bar to the introduction of evidence.  The Court thus concludes that Ahrensfield has failed to identify a non-frivolous argument that he could raise on appeal that either *Ashe* or *Yeager* bars the introduction of evidence merely because the evidence was used in a prior

proceeding that resulted in an acquittal.

Finally, even if, as the Court assumed in its Memorandum Opinion and Order, *Ashe* and *Yeager* did apply to an evidentiary issue such as the one raised by Ahrensfield, Ahrensfield did not meet his burden of proving that the jury in his first trial necessarily decided that he did not lie to the FBI. As the Court explained in its Memorandum Opinion and Order, the jury could have rationally based its verdict on a basis other than a conclusion that Ahrensfield did not lie. *See* Memorandum Opinion and Order at 7-8. In addition, while *Yeager* imposes the burden on a defendant to show that the jury necessarily decided an issue at the first trial, Ahrensfield did not address this burden at any time prior to the Court's entry of its November 22, 2010 Memorandum Opinion and Order nor did Ahrensfield even attempt to show that the jury had necessarily decided that he did not lie to the FBI agents. Despite failing to even acknowledge this burden prior to the Court's entry of its November 22, 2010 Memorandum Opinion and Order, Ahrensfield attempts to meet this burden for the first time in his Response to the Government's Motion for Trial to Proceed and again in his Supplemental Brief. In his Response, Ahrensfield appears to concede that the jury could rationally have acquitted Ahrensfield on an issue other than whether he lied to the FBI. Ahrensfield argues, however, that lying is the crux of the charge of making false statements and it is therefore more plausible that the jury found that Ahrensfield did not lie than that the jury found that he did lie but that the lie was not material. The test for determining whether the Double Jeopardy Clause bars the relitigation of an issue does not, however, allow consideration of what is more or less plausible. Instead, the test is whether a rational jury could have decided the case on an issue other than the one that the defendant seeks to preclude in a subsequent trial. Here, a rational jury could have acquitted Ahrensfield by finding that he lied to the FBI but that the lie was not material and it is

irrelevant that some other result might be more plausible.

In his Supplemental Brief, Ahrensfield moves away from his plausibility argument and contends that "it is not rational that the jury found . . . that he made false statements, but that those statements were immaterial" because if the jury had "believed that there was not an actual proceeding of some type . . . they would have had to acquit on the obstruction charge because the core of that crime is obstruction of a proceeding." Supplemental Brief at 7.  Ahrensfield contends that because the jury hung on the obstruction of justice charge, "the majority of jurors must have rejected the argument that there was no proceeding contemplated or pending which could be obstructed."  *Id.*  Thus, Ahrensfield asks the Court to infer, from the jury's failure to reach a decision on the obstruction of justice charge, that the jury necessarily decided that Ahrensfield did not lie to the FBI.

The United States Supreme Court, however, has expressly held that "[a] hung count is not a 'relevant' part of the 'record of [the] prior proceeding'" and the fact that a jury hung on one or more counts therefore cannot be considered when a court determines what the jury necessarily decided.  *See Yeager v. United States*, ___ U.S. ___, 129 S.Ct. 2360, 2367 (2009).  The Supreme Court explained that "[b]ecause a jury speaks only through its verdict, its failure to reach a verdict cannot—by negative implication—yield a piece of information that helps put together the trial puzzle.  A mistried count is therefore nothing like the other forms of record material that *Ashe* suggested should be part of the preclusion inquiry."  *Id.*  As a result, "the consideration of hung counts has no place in the issue-preclusion analysis."  *Id.*  Therefore, the Court concludes that Ahrensfield's argument—that the fact that the jury hung on the obstruction of justice charge makes it irrational for the jury to have based its acquittal on anything other than a finding that Ahrensfield did not lie—is frivolous.  Such an argument is expressly prohibited by the United

States Supreme Court and therefore cannot provide Ahrensfield with a non-frivolous basis for his appeal.

Finally, Ahrensfield argues that after the first trial some of the jurors made comments, which were reported in the media, that Ahrensfield was acquitted on the false statements charge because "the government did not produce evidence of false statements, [and because] there were no tape recordings and [there was] a lack of evidence." Supplemental Brief at 6.  In *Ashe*, the Supreme Court directed that determining whether an issue was necessarily decided in a prior proceeding requires a court to "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter."  397 U.S. at 444.  In *Yeager*, the Supreme Court reiterated that the record is the "official report of the proceedings in a case."  129 S.Ct. at 2367 (quoting Black's Law Dictionary 1301 (8th ed. 2004)).  Comments individual jurors made to the media after trial are certainly not part of the record of the prior proceeding and the Court therefore cannot consider any comments made by jurors after trial when determining what the jury necessarily determined.

The Court concludes that Ahrensfield's appeal is frivolous and that the Court has not been divested of its jurisdiction over Ahrensfield's trial on the obstruction of justice charges. Ahrensfield has failed to meet his burden of showing that the jury necessarily determined that he did not lie to the FBI agents and he therefore has failed to identify any non-frivolous issue that could be raised on appeal.

## II.  Jury Instruction

In his Supplemental Brief, Ahrensfield argues that if the Court determines that Ahrensfield's appeal is frivolous and proceeds with trial, the Court should instruct the jury that Ahrensfield was acquitted of the false statements charge at his first trial.  Ahrensfield contends

that if the Court were to so instruct the jury, his appeal would be moot as the instruction would ensure that Ahrensfield's Fifth Amendment rights are not violated.  In its Reply, the Government argues that Ahrensfield should be precluded from mentioning the first trial or its outcome in any way and that an instruction that Ahrensfield was acquitted on the charge of making false statements should not be given.

As the Court has discussed in some detail in this opinion and in its November 22, 2010 Memorandum Opinion and Order, Ahrensfield has failed to establish that the jury in his first trial necessarily determined that Ahrensfield did not make any false statements to the FBI.  Because of this, the fact that Ahrensfield was acquitted of the charge of making false statements has no bearing on the jury's consideration of the statements he made to the FBI.  To give such an instruction would likely confuse the jury in the second trial as it would allow the jury to infer that the jury in the first trial had determined that Ahrensfield did not make the statements to the FBI when in fact the jury in the first trial did not necessarily determine that Ahrensfield did not make the statements attributed to him.

*United States v. Rey*, 2010 WL 1141369 (D.N.M. 2010), the case that Ahrensfield cites in support of his argument that a jury instruction is required, does not dictate a contrary result.  There, the defendant was convicted of possessing marijuana for personal use based on his possession of a large amount of marijuana in a yurt.  At a subsequent trial for manufacturing marijuana, the Honorable Judge James O. Browning concluded that because the jury in the first trial had necessarily decided that the defendant did not intend to distribute the marijuana in the yurt, the jury in the second trial should be instructed that the marijuana in the yurt was for personal use in order to prevent the jury in the second trial from determining, contrary to the determination in the first trial, that the marijuana in the yurt was for distribution.  *Id.* at 11-12.

In its instruction, the court only instructed that the marijuana was for personal use and the court did not in any way reference the previous trial. *Id.* The court explained that "[i]f the jury were to discover the existence of a prior trial, without knowing the result of the prior trial, it may cause them unnecessarily to ponder why there is now a second trial. Worse yet, if the result of the prior trial was revealed to the jury, they may be influenced by what the prior jury did." *Id.* at 13.

Here, unlike the jury's determination in *Rey* that the defendant did not intend to distribute, the jury in the first trial did not necessarily determine that Ahrensfield did not make false statements to the FBI. Thus, it would be inappropriate to instruct the jury that Ahrensfield did not make a false statement to the FBI. Instructing the jury more generally that Ahrensfield was acquitted of the charge of making false statements would likely cause the jury to speculate about the first trial and "ponder about why there is now a second trial" or even be "influenced by what the prior jury did." The jury in the second trial would be forced to speculate about the basis of the jury's decision in the first trial and the jury in the second trial might impermissibly speculate that the jury in the first trial concluded that Ahrensfield did not make a false statement when the jury in the first trial may have rationally concluded that Ahrensfield did make a false statement but that it was not material. Thus, the Court concludes that the jury should not be instructed about the result of the first trial and the fact that Ahrensfield was previously tried should not be raised by either party during trial.

The Government's Motion For The Trial To Proceed As Scheduled (Doc. No. 98) and its Motion To Supplement Its Motion For Trial To Proceed As Scheduled (Doc. No. 101) are GRANTED and trial will proceed as scheduled on December 13, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE

10