**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                  No.     1:09-cr-03457

BRAD AHRENSFIELD,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Defendant Brad Ahrensfield moves the Court for an order allowing his release pending appeal to the Tenth Circuit Court of Appeals.[1] As grounds for his motion, Ahrensfield argues that he does not pose a flight risk or danger to the community, that his appeal is not for the purpose of delay, and that his appeal presents substantial questions of law and fact that, if decided in his favor, would result in reversal of his conviction or a new trial. *See* 18 U.S.C. § 3143(b). The Government opposes Defendant Ahrensfield's motion and argues that Defendant Ahrensfield has not met his statutory burden of demonstrating that release pending appeal is warranted.

The Court held a hearing on Ahrensfield's Motion for Release Pending Appeal on October 25, 2011. Ahrensfield and his attorney, B.J. Crow, were present, and Assistant United

---

[1] Defendant Ahrensfield filed DEFENDANT BRAD AHRENSFIELD'S MOTION FOR RELEASE PENDING APPEAL (Doc. No. 195) (Motion for Release Pending Appeal) on September 26, 2011. The Government filed the UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL (Doc. No. 199) (Response) on September 30, 2011. Defendant Ahrensfield filed DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR RELEASE PENDING APPEAL (Doc. No. 201) (Reply) on October 10, 2011. Defendant Ahrensfield filed his NOTICE OF APPEAL (Doc. No. 200) on October 7, 2011.

States Attorney Tara Neda and Assistant United States Attorney Greg Fouratt were present for the Government. The Court has considered the parties' briefing and argument, as well as the relevant law, and concludes that Ahrensfield's Motion for Release Pending Appeal should be granted.

## BACKGROUND

In September 2009, Ahrensfield, who was an Albuquerque Police Department (APD) officer, learned from his fellow APD officer Ron Olivas that the APD and the Federal Bureau of Investigation (FBI) were conducting an undercover investigation targeting Ahrensfield's friend, Shawn Bryan, and Shawn Bryan's business, the Car Shop. Ahrensfield informed Shawn Bryan about the investigation and was subsequently arrested and charged with one count of obstruction of justice and one count of making false statements to FBI agents. Ahrensfield was first tried on one count of obstruction of justice and one count of making false statements to FBI agents in April 2010. On April 23, 2010, the jury acquitted Ahrensfield of making false statements to FBI agents but was unable to reach a verdict on the obstruction of justice count. *See* Trial I, VERDICT (Doc. No. 57).

In December 2010, Ahrensfield was retried on one count of obstruction of justice. On December 14, 2010, the Government impeached Shawn Bryan's testimony by reading from a transcript of an interview the FBI had conducted with Shawn Bryan on April 27, 2010, after the conclusion of Ahrensfield's first trial. Defense counsel asked to see the interview transcript and informed the Court that the Government had never provided defense counsel with a transcript or recording of the interview. *See* Trial II, Transcript (Doc. No. 151) at 216. The Court recessed while defense counsel reviewed the transcript, and the trial continued later that afternoon. The following day, on December 15, 2010, Ahrensfield filed a motion to dismiss, asserting that the

2

transcript of Shawn Bryan's interview had been withheld by the Government and contained *Brady* material. *Id.* Before resuming the trial that morning, the Court held an evidentiary hearing to determine whether the Government had improperly withheld the transcript, and if so, whether the indictment against Ahrensfield should be dismissed due to the Government's misconduct. *Id.* During the hearing, the Court learned that more witnesses would need to be called, continued the evidentiary hearing, and resumed the trial. *Id.*

At the close of the Government's case-in-chief during the second trial, Ahrensfield moved the Court under Rule 29 of the Federal Rules of Criminal Procedure for a judgment of acquittal, arguing that the Government had failed to introduce sufficient evidence to prove beyond a reasonable doubt that Ahrensfield was guilty of obstructing justice. Due to the need to have the parties cite the applicable portions of the record, the Court took the motion under advisement, ordered Ahrensfield to file a motion once the trial transcripts were completed, and continued the trial.

On December 15, 2010, the trial concluded and the jury began deliberating. *See* Trial II, Transcript, Vol. III, at 535. On December 16, 2010, the jury continued its deliberations. After approximately seven hours of deliberation, the jury indicated that it had voted twice but was unable to reach a unanimous decision. Note From the Jury (Doc. No. 136). It was only after the Court gave a modified *Allen* charge that the jury ultimately returned its guilty verdict on December 16, 2010. *See* Trial II, VERDICT (Doc. No. 140).

On December 20, 2011, the Court heard additional testimony regarding the alleged *Brady* violation, ordered Ahrensfield to file a consolidated motion regarding the alleged *Brady* violation, and took Ahrensfield's motion to dismiss under advisement.

On February 8, 2011, Ahrensfield filed his Rule 29 Motion for a judgment of acquittal.[2] On March 11, 2011, Ahrensfield filed his consolidated *Brady* Motion, seeking dismissal for *Brady/Giglio* violations.[3] The Court subsequently denied both motions. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 170) (*Brady* MOO); MEMORANDUM OPINION AND ORDER (Doc. No. 171) (Rule 29 MOO).

On September 29, 2011, the Court sentenced Ahrensfield to 366 days of incarceration and allowed a split sentence with 6 months to be served on home confinement. At the sentencing hearing, defense counsel asked the Court to order Ahrensfield's release pending appeal. The Court noted that the parties had not had the opportunity to brief the issue and asked defense counsel to file a motion for release pending appeal.

On September 26, 2011, Ahrensfield filed his Motion for Release Pending Appeal, expressing his intent to appeal the Court's rulings on the *Brady* issues and the Rule 29 issues. Motion for Release Pending Appeal at 1, 3. On October 7, 2011, Ahrensfield filed his NOTICE OF APPEAL (Doc. No. 200) to the Tenth Circuit Court of Appeals, requesting review of the

---

[2]On February 8, 2011, Ahrensfield filed DEFENDANT BRAD AHRENSFIELD'S BRIEF IN SUPPORT OF HIS MOTION FOR JUDGMENT OF ACQUITTAL ON THE CHARGE OF OBSTRUCTION OF JUSTICE (Doc. No. 158) (Rule 29 Motion). On February 22, 2011, the Government filed the UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL FILED ON FEBRUARY 8, 2011 (Doc. No. 160). On March 8, 2011, Defendant Ahrensfield filed DEFENDANT BRAD AHRENSFIELD'S REPLY IN SUPPORT OF HIS MOTION FOR JUDGMENT OF ACQUITTAL ON THE CHARGE OF OBSTRUCTION OF JUSTICE UNDER FED. R. CRIM. P.29 (Doc. No. 162).

[3]DEFENDANT BRAD AHRENSFIELD'S CONSOLIDATED MOTION TO DISMISS FOR BRADY/GIGLIO VIOLATIONS (Doc. No. 163) (*Brady* Motion). On March 23, 2011, the Government filed the UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S CONSOLIDATED MOTION TO DISMISS FOR BRADY/GIGLIO VIOLATIONS (Doc. No. 166). On April 6, 2011, Defendant Ahrensfield filed DEFENDANT BRAD AHRENSFIELD'S REPLY IN SUPPORT OF HIS CONSOLIDATED MOTION TO DISMISS FOR BRADY/GIGLIO VIOLATIONS (Doc. No. 168).

Court's denial of Ahrensfield's Rule 29 Motion and his *Brady* Motion.[4]

## DISCUSSION

Release pending appeal by a defendant is governed by 18 U.S.C. § 3143(b). Under § 3143(b), the Court should order the defendant's release pending appeal if the Court makes two findings:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The defendant bears the burden of proving the first requirement by clear and convincing evidence and the second requirement by a preponderance of the evidence. *See United States v. Affleck*, 765 F.2d 944, 953 n.15 (10th Cir. 1985).

**Ahrensfield Is Not Likely to Flee or Pose a Danger if Released Pending Appeal.**

Under the first prong of the release pending appeal statute, § 3143(b)(A), Ahrensfield must prove "by clear and convincing evidence" that he "is not likely to flee or pose a danger to the safety of any other person or to the community if released." *See Affleck*, 765 F.2d at 953. Ahrensfield has been on release in this matter since December 17, 2009, through two trials and

---

[4]Ahrensfield's NOTICE OF APPEAL also requests Tenth Circuit review of the Court's November 22, 2010, MEMORANDUM OPINION AND ORDER (Doc. No. 93), denying Ahrensfield's motion to exclude testimony and evidence concerning false statements, or in the alternative, to instruct the jury that Mr. Ahrensfield was acquitted of making false statements to FBI agents. Because Ahrensfield had not contemplated appealing this issue at the time Ahrensfield filed his Motion for Release Pending Appeal, Ahrensfield relies solely on his appeal of the *Brady* and Rule 29 issues for purposes of his Motion for Release Pending Appeal. Reply at 2 n.1.

sentencing. During this period of release, Ahrensfield has been in full compliance with all conditions of his release and has not committed an infraction of any kind. Ahrensfield argues that his record of good behavior during this period of release demonstrates that he is not a flight risk or danger to the community. Motion for Release at 3. The Government agrees that Ahrensfield does not pose a flight risk or danger to the community. Response at 1 n.1. The Court finds that Ahrensfield has met his burden of proving by clear and convincing evidence that he does not pose a flight risk or danger to the community. *See* § 3143(b)(A).

**Ahrensfield's Appeal Is Not for the Purpose of Delay and Raises Issues of Law and Fact that, if Decided Favorably to Ahrensfield on Appeal, Are Likely to Result in Reversal or an Order for a New Trial.**

Under the second prong of the release pending appeal statute, Ahrensfield must demonstrate by a preponderance of the evidence that his appeal is not for the purpose of delay and that his appeal raises a substantial question of law or fact likely to result in reversal of his conviction, a new trial, or a reduced sentence. *See* § 3143(b)(B). Although the plain language of § 3143(b)(B) could be read to require the Court to find that reversal on appeal is "likely," the Tenth Circuit Court of Appeals has explained that the Court can make the § 3143(b)(B) finding without predicting "the probability of reversal," because "Judges do not knowingly leave substantial errors uncorrected, or deliberately misconstrue applicable precedent." *Affleck*, 765 F.2d at 953 n.14. To satisfy § 3143(b)(B), the Court must find that the defendant's appeal "raises a substantial question of law or fact" that, *if* "determined favorably to defendant on appeal, . . . is likely to result in reversal or an order for a new trial . . . ." *Id.* at 953 (adopting the two-step analysis from *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985), for determining whether an appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial). A substantial question of law or fact is "a 'close' question or one that very well could be

decided the other way." *Id.* at 952 (quotation marks and citation omitted). "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis." *Id.*

Ahrensfield argues that his appeal is not for the purpose of delay and that the Court's rulings on his Rule 29 Motion and his *Brady* Motion each present substantial questions of law or fact that, if decided in his favor on appeal, are likely to result in reversal, a new trial, or a reduced sentence. The Government does not argue that Ahrensfield has filed his appeal for the purpose of delay but contends that Ahrensfield has not meet his burden to show that his appeal of the Rule 29 issues or *Brady* issues raises substantial questions of law or fact. Response at 1.

**Ahrensfield's Rule 29 Motion for a Judgment of Acquittal**

Ahrensfield argues that his appeal of the Court's denial of his Rule 29 Motion for a judgment of acquittal presents a substantial question of law or fact. Under Rule 29, the Court must determine whether the evidence presented by the Government "would establish each element of the crime." *United States v. Delgado-Uribe*, 363 F.3d 1077, 1081 (10th Cir. 2004) (quotation marks and citation omitted). The central inquiry under Rule 29 is "whether a reasonable jury could find [the] defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government and drawing reasonable inferences therefrom." *United States v. Vigil*, 523 F.3d 1258, 1262 (10th Cir. 2008).

In his Rule 29 Motion, Ahrensfield argued that (1) Shawn Bryan's prior testimony from Ahrensfield's first trial and the grand jury proceedings, which the Government read to the jury during Ahrensfield's second trial for impeachment purposes, did not constitute substantive evidence that the Court could consider under Rule 29, and (2) that the evidence adduced at trial was insufficient to support a conviction on the obstruction of justice charge. In denying Ahrensfield's Rule 29 Motion, the Court concluded that (1) Shawn Bryan's prior testimony

7

constituted substantive evidence that could be considered under Rule 29, *see* Rule 29 MOO at 8, and (2) the evidence was sufficient to support the conviction, *id.* at 23-24. The Court noted, however, that the question of whether the Government had introduced sufficient evidence to establish beyond a reasonable doubt each element of the obstruction of justice charge presented "somewhat of a close call." Rule 29 MOO at 11.

Ahrensfield argues that his appeal of the Court's ruling on his Rule 29 Motion presents a substantial question of law, namely, whether Shawn Bryan's prior testimony, which the Government read to the jury for impeachment purposes, constitutes substantive evidence that the Court may consider under Rule 29. Additionally, Ahrensfield argues that, although the Court found the evidence at the second trial sufficient to support a conviction for obstruction of justice, the Court found Shawn Bryan's testimony at the second trial to be "much more equivocal" than Bryan's testimony at the first trial, meaning that the Government presented less evidentiary support for a conviction in the second trial than was presented at the first trial. *See* Rule 29 MOO; Reply at 4.

The Government argues that Ahrensfield's appeal of the Rule 29 MOO does not raise any novel question of fact or law. *Id.* The Government also contends that it will be difficult for Ahrensfield to prevail on a sufficiency of the evidence argument because the bulk of Ahrensfield's defense was comprised of conflicting testimony. Response at 3-4; *see Delgado-Uribe*, 363 F.3d at 1081 (noting that, when considering Rule 29 motion for a judgment of acquittal, it is not the Court's role to "weigh conflicting evidence" or to "consider the credibility of witnesses"); *United States v. Wilson*, 244 F.3d 1208, 1219 (10th Cir. 2001) (explaining that it would be difficult for the defendant to prevail on a sufficiency of the evidence argument). In the Government's view, this case required the jury to resolve conflicting testimony, and the Court

must accept the jury's resolution of the conflicting evidence. Response at 4.

The Court finds that Ahrensfield has proven by a preponderance of the evidence that his Rule 29 Motion raises a "substantial question of law or fact." As the Court stated when ruling on Ahrensfield's Rule 29 Motion, the question of whether the Government introduced sufficient evidence to establish beyond a reasonable doubt each element of the obstruction of justice charge presents "somewhat of a close call" in this case. Rule 29 MOO at 11. The Tenth Circuit Court of Appeals will review de novo the sufficiency of the evidence to support the jury's verdict and this Court's denial of Ahrensfield's Rule 29 Motion for a judgment of acquittal. *See United States v. Vigil*, 523 F.3d 1258, 1262 (10th Cir. 2008).

**Ahrensfheld's *Brady* Motion**

In addition to the Rule 29 issue, Ahrensfield argues that the Court's ruling on his *Brady* Motion presents a significant question of law or fact that, if decided in Ahrensfield's favor on appeal, would result in a new trial. Motion for Release Pending Appeal at 4. "[T]o establish a *Brady* violation, a defendant must demonstrate that (1) the prosecutor suppressed evidence; (2) the evidence was favorable to the defendant as exculpatory or impeachment evidence; and (3) the evidence was material." *United States v. Walters*, 269 F.3d 1207, 1214 (10th Cir. 2001) (quotation marks and citation omitted). In ruling on Ahrensfield's *Brady* Motion in this case, the Court concluded that the Government suppressed transcripts of Shawn Bryan's April 27, 2010, interview with the FBI and that the transcripts were favorable to the defense. *Brady* MOO at 12-13. In analyzing whether the suppressed evidence was material, the Court noted that the issue of materiality was a "close and difficult" question, *id.* at 5, but concluded that the evidence was not material, *id.* at 13.

The Government argues that Ahrensfield's appeal of the *Brady* issues will be "dead on

arrival" in the Tenth Circuit Court of Appeals because the Government recently located an archived email exchange between Government counsel and defense counsel, which, in the Government's view, proves that the Government did not suppress the transcripts of Bryan's interview with the FBI. Response at 2. On September 2, 2011, the Government filed a Motion to Reconsider,[5] explaining that on August 30, 2011, Assistant United States Attorney Tara Neda located an email message exchange between Ahrensfield's attorney, Jason Bowles, and Ms. Neda, dated May 5, 2010. The Government argued that the email exchange proves Mr. Bowles knew about Shawn Bryan's interview with the FBI. The Court denied the Government's Motion to Reconsider because the email exchange occurred seven months before Ahrensfield's second trial, was stored on the Government's computer all along, and should have been presented to the Court for consideration at the evidentiary hearing on Ahrensfield's *Brady* Motion. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 196).

Ahrensfield argues that the email exchange did not meet the Government's burden to produce evidence under *Brady* or change the fact that the Government suppressed exculpatory evidence that was material to Ahrensfield's case. Reply at 2; *see Banks v. Reynolds*, 54 F.3d 1508, 1517 (10th Cir. 1995) ("[T]he prosecution's obligation to turn over the evidence in the

---

[5]The Government filed the UNITED STATES' MOTION TO RECONSIDER MEMORANDUM OPINION AND ORDER DENYING CONSOLIDATED MOTIONS TO DISMISS FOR *BRADY/GIGLIO* VIOLATIONS (Doc. No. 180) (Motion to Reconsider) on September 2, 2011. Ahrensfield filed DEFENDANT BRAD AHRENSFIELD'S RESPONSE TO THE UNITED STATES' MOTION TO RECONSIDER MEMORANDUM OPINION AND ORDER DENYING CONSOLIDATED MOTION TO DISMISS FOR *BRADY/GIGLIO* VIOLATIONS (Doc. No. 190) (Response to Motion to Reconsider) on September 16, 2011. The Government filed the UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO MOTION TO RECONSIDER MEMORANDUM OPINION AND ORDER DENYING CONSOLIDATED MOTION TO DISMISS FOR *BRADY/GIGLIO* VIOLATIONS (Doc. No. 193) on September 19, 2011.

first instance stands independent of the defendant's knowledge," and "the fact that defense counsel 'knew or should have known' about the [suppressed] information . . . is irrelevant to whether the prosecution had an obligation to disclose the information."). Moreover, Ahrensfield notes that because the Court ruled that the Government suppressed evidence, the primary *Brady* issue on appeal is whether the suppressed evidence was material. Ahrensfield explains that "in cases where there is minimal evidence of guilt, evidence that might seem insubstantial may be sufficient to undermine confidence in the outcome of a trial." *Brady* MOO at 25 (citing *Trammell v. McKune*, 485 F.3d 546, 552 (10th Cir. 2007)). Ahrensfield argues that although he was ultimately convicted, this was a close case, as demonstrated by the hung jury in the first trial and the lengthy jury deliberations in the second trial. Because this was a close case, Ahrensfield contends that the Court erred by ruling that the suppressed evidence in this case was immaterial.

The Court finds that Ahrensfield has demonstrated by a preponderance of the evidence that his appeal of the *Brady* issues, like the Rule 29 issues, presents a substantial issue of law or fact, i.e., "a 'close' question or one that very well could be decided the other way." *Affleck*, 765 F.2d at 952. The Court has indicated on several occasions that the issues now on appeal present close questions that could have been decided differently. When ruling on Ahrensfield's Rule 29 Motion, the Court noted that the question of whether the Government introduced sufficient evidence presented "a close call." Rule 29 MOO at 11. When ruling on Ahrensfield's *Brady* Motion, the Court concluded that "the materiality of the suppressed evidence" presented "a close and difficult issue." *Brady* MOO at 13. At Ahrensfield's sentencing hearing, the Court reiterated that some of its rulings in this case were close and noted the benefits of review by a three-judge panel of the Tenth Circuit Court of Appeals.

Accordingly, the Court concludes that Ahrensfield's Motion for Release Pending Appeal

should be granted because Ahrensfield has met his statutory burden of proving (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or to the community if released and (2) by a preponderance of the evidence that his appeal is not for the purpose of delay and raises a substantial question of law or fact that, if determined favorably to Ahrensfield on appeal, is likely to result in reversal of his conviction or an order for a new trial. *See* § 3143(b)(A)-(B).

IT IS ORDERED THAT: (1) Defendant Brad Ahrensfield's Motion for Release Pending Appeal (Doc. No. 195) is granted, and (2) Defendant Brad Ahrensfield's current conditions of release will continue while Defendant Brad Ahrensfield's appeal to the Tenth Circuit Court of Appeals is pending.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE