IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                                                               No. CR 09-03457 JP

BRAD AHRENSFIELD,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 14, 2012, the government filed a motion, asking the Court to revoke Defendant Brad Ahrensfield's supervised release pending Ahrensfield's appeal to the Tenth Circuit Court of Appeals.[1] On June 15, 2012, the Court held a non-evidentiary hearing on the government's Motion. Assistant United States Attorney Tara Nada represented the government, and attorneys Jason Bowles and B.J. Crow represented Ahrensfield, who was present.

After considering the briefing and exhibits submitted by the parties and the parties' oral argument at the hearing, the Court concludes that the government's Motion should be denied. However, in response to the concerns raised in the government's motion, the Court has imposed new conditions of release on Ahrensfield.

---

[1] On May 14, 2012, the government filed the UNITED STATES' MOTION TO REVOKE DEFENDANT'S RELEASE PENDING APPEAL (Doc. No. 210) (Motion). On May 29, 2012, Ahrensfield filed DEFENDANT BRAD AHRENSFIELD'S SEALED RESPONSE TO THE UNITED STATES' MOTION TO REVOKE DEFENDANT'S RELEASE PENDING APPEAL (Doc. No. 212) (Response). On June 11, 2012, Ahrensfield filed a SEALED NOTICE OF SUPPLEMENTAL EXHIBIT TO DEFENDANT BRAD AHRENSFIELD'S SEALED RESPONSE TO THE UNITED STATES' MOTION TO REVOKE DEFENDANT'S RELEASE PENDING APPEAL (Doc. No. 215).

**BACKGROUND**

On December 16, 2010, a jury found Ahrensfield guilty of obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). Prior to his conviction, Ahrensfield had been on supervised release since December 17, 2009. *See* ORDER SETTING CONDITIONS OF RELEASE (Doc. No. 9). Under the conditions of release imposed by the Court on December 17, 2009, Ahrensfield was permitted to "possess firearms related to employment purposes only." *Id.* at 2.

Following Ahrensfield's sentencing hearing, held September 19, 2011, Ahrensfield moved the Court to allow him to remain on release pending his appeal to the Tenth Circuit.[2] On October 25, 2011, the Court held a hearing and granted Ahrensfield's Motion for Release Pending Appeal. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 204). That same day, the Court issued a second ORDER SETTING CONDITIONS OF RELEASE. *See* Government Exhibit 4 (Doc. No. 210-4). Due to a clerical error, the new order, which was prepared using a pre-printed form, contained an "x" next to a condition that permitted Ahrensfield to "possess firearms as related to employment purposes only," despite the fact that Ahrensfield had been convicted of a felony.

On May 14, 2012, the government filed its Motion, arguing that new allegations of misconduct by Ahrensfield justify the Court's revocation of Ahrensfield's release. The government explains that it has obtained information that Ahrensfield (1) possessed firearms as a convicted felon in violation of 18 U.S.C. § 922(g)(1), (2) engaged in theft and extortion, and (3)

---

[2]On September 26, 2011, Ahrensfield filed DEFENDANT BRAD AHRENSFIELD'S MOTION FOR RELEASE PENDING APPEAL (Doc. No. 195). The government filed the UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL (Doc. No. 199) on September 30, 2011. Ahrensfield filed DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR RELEASE PENDING APPEAL (Doc. No. 201) on October 10, 2011. Ahrensfield filed his NOTICE OF APPEAL (Doc. No. 200) on October 7, 2011.

obstructed justice by attempting to persuade an officer not to testify at a court hearing and by threatening the officer with a lawsuit. The government asks the Court to issue an arrest warrant and enter an order revoking Ahrensfield's release pending appeal. Motion at 5.

In the Motion the government also asked the Court to enter an order requiring Ahrensfield to surrender all firearms and ammunition in his possession. Motion at 5. On May 18, 2012, the Court entered a SEALED ORDER AMENDING CONDITIONS OF RELEASE (Doc. No. 211) (Sealed Order), in which the Court ordered Ahrensfield to refrain from possessing a firearm, destructive device, or other dangerous weapons. Additionally, the Court ordered that Ahrensfield must submit to searches of his person, property, vehicles, business, and residence for the purpose of detecting firearms, destructive weapons, or other dangerous weapon. Doc. No. 211.

## DISCUSSION

### A. Standard for Revoking Release under 18 U.S.C. § 3148(b)

The government filed its Motion to Revoke Release under 18 U.S.C. § 3148(b), which provides in relevant part that in considering whether to revoke a person's release pending appeal the Court should first determine whether there is "probable cause to believe that the person has committed a Federal, State, or local crime while on release." 18 U.S.C. § 3148(b)(1)(A). "[P]robable cause under § 3148(b)(1)(A) requires only that the facts available to the judicial officer warrant a [person] of reasonable caution in the belief that the defendant has committed a crime" while on release. *United States v. Cook*, 880 F.2d 1158, 1160 (10th Cir. 1989).

If the Court finds probable cause to believe that the defendant has committed a crime while on release, the Court should next consider whether there are any "conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the

community" and whether the person is likely to "abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2). A finding of probable cause gives rise to "a rebuttal presumption . . . that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." *Cook*, 880 F.2d at 1161; *see* 18 U.S.C. § 3148(b)(2)(B). The Tenth Circuit has explained that, in making this inquiry, the district court should consider not only "the mere danger of physical violence" but also the "danger that the defendant might engage in criminal activity to the detriment of the community." *Cook*, 880 F.2d at 1161. "[O]nce the presumption arises, the ball is in the defendant's court, and it is incumbent on the defendant to come forward with some evidence to rebut the presumption." *Id.*

**B.**     **Allegations of Misconduct**

    *1.*     *Felon in Possession of a Firearm*

According to the government, in April 2012, a licenced private investigator informed the Federal Bureau of Investigation and the Bureau of Alcohol, Tobacco, Firearms and Explosives that he had hired Ahrensfield to assist him in various investigations. *See* Motion at 2; Government Exhibit 5 (Doc. No. 210-5), at 1. The private investigator reported that in February 2012 Ahrensfield brought an assault rifle and two handguns to a law office in order to perform a demonstration for a law firm, which was a client of the private investigator. Motion at 2.

In the Response, Ahrensfield does not deny that he possessed firearms but argues instead that he "was absolutely permitted to possess a firearm prior to" the Court's May 18, 2012, Sealed Order, in which the Court amended Ahrensfield's conditions of release. Response at 2. In a footnote, Ahrensfield contends that if the government were to charge Ahrensfield with possession of a firearm, the charge "would likely never reach a jury because Ahrensfield so

4

clearly had this Court's permission to possess firearms in connection with employment." Response at 2 n.1. At the June 15, 2012, hearing, defense counsel emphasized that Ahrensfield has complied fully with the Court's May 18, 2012, Sealed Order and will refrain from possessing any firearm or dangerous weapon. Additionally, defense counsel informed the Court that Ahrensfield is now working as a purchasing manager for a company in Rio Rancho and will no longer be working in the areas of private investigation or law enforcement.

   2.   *Theft and Extortion*

According to the government, the private investigator for whom Ahrensfield had been working has alleged that Ahrensfield committed theft and extortion after the private investigator terminated Ahrensfield's contract. The private investigator told the FBI that, once he learned Ahrensfield was a convicted felon, the private investigator told Ahrensfield that he had no more work for Ahrensfield. *See* Government Exhibit 5 (Doc. No. 210-5), at 2. The next day, the private investigator noticed that the files Ahrensfield had been working on were gone and that the computer Ahrensfield had been using was "wiped clean." *Id.* At the June 15, 2012, hearing, the government stated that the Albuquerque Police Department is still reviewing the private investigator's allegations against Ahrensfield.

In the Response, Ahrensfield argues that he has not been charged with theft or extortion and that the private investigator's allegations are the result of "a business deal gone bad." Doc. No. 212, at 3. Ahrensfield asserts that he did not steal any files or wipe clean any computers. In Ahrensfield's view, the files belonged to the law firm that hired the private investigator, and Ahrensfield returned the files to the client law firm. *Id.* Finally, Ahrensfield argues that the private investigator still owes Ahrensfield money. *Id.*

   To support his contention that he did not engage in any theft or extortion, Ahrensfield

5

filed as an exhibit the sworn affidavit of Steven R. Roberts, who also worked for the private investigator. *See* Defendant's Exhibit 2 (Doc. No. 212-2). At the June 15, 2012, hearing, the government sought to challenge the credibility of Steven R. Roberts. The government argued that by filing Roberts' sworn affidavit as an exhibit, Ahrensfield put Roberts' credibility at issue. Defense counsel objected. Ultimately, at the hearing defense counsel resolved the dispute by withdrawing the affidavit, reasoning that the affidavit is not particularly relevant to the question of whether Ahrensfield poses a flight risk or a danger to the community. Because the affidavit of Steven R. Roberts was withdrawn, the Court has not considered the affidavit in determining whether to grant the government's Motion.

      3.     *Obstruction of Justice*

According to the government, on February 3, 2012, an APD incident report documented a complaint by an APD officer in which the officer alleged that Ahrensfield had attempted to persuade the officer not to testify at a court hearing and that Ahrensfield threatened the officer with a lawsuit if he did testify. Motion at 3. At the June 15, 2012, hearing, the government informed the Court that the State of New Mexico has not brought obstruction of justice charges against Ahrensfield arising out of the alleged intimidation.

In the Response, Ahrensfield explains that he had been working for a defense attorney on a DWI case. Response at 4. In the course of investigating the case, Ahrensfield determined that an APD officer had made a misrepresentation about the circumstances surrounding the officer's initial contact with the DWI suspect. *Id.* Ahrensfield subsequently contacted the officer to give him "a 'heads up' about a potential lawsuit." *Id.* Ahrensfield asserts that he did not try to intimidate the officer. *Id.* Additionally, Ahrensfield explains that an Albuquerque Police Department investigation team has concluded that Ahrensfield did not commit a crime. *Id.*

**C.      Application of 18 U.S.C. § 3148(b) to the Allegations in this Case**

At the June 15, 2012, hearing the government emphasized that its primary concern when it filed its Motion was Ahrensfield's alleged possession of firearms after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). *See* Motion at 3-4. Given that Ahrensfield has not denied that he possessed firearms, the Court concludes that there is probable cause to believe that Ahrensfield possessed firearms after he was convicted for obstruction of justice. As for the other allegations, the Court concludes that, at this time, there is not probable cause to believe that Ahrensfield committed the crimes of theft, extortion, or obstruction of justice.

Having found probable cause to believe that Ahrensfield violated 18 U.S.C. § 922(g)(1) by possessing firearms, 18 U.S.C. § 3148(b)(2) requires the Court to determine whether there are any conditions of release that will assure that Ahrensfield "will not flee or pose a danger to the safety of any other person or the community" and whether Ahrensfield is likely to "abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

The Court recognizes that, prior to May 18, 2012, Ahrensfield's conditions of release expressly permitted him to "possess firearms as related to employment purposes only," albeit erroneously. And Ahrensfield's alleged possession of firearms occurred in connection with Ahrensfield's employment as a private investigator, apparently in compliance with the conditions of release. At the hearing, Ahrensfield represented to the Court that he is no longer in possession of any firearms and will no longer be employed in the private investigation business.

Under these circumstances, the Court finds that additional conditions of release will assure that Ahrensfield will not flee or pose a danger to the safety of any person or the community. Following the June 15, 2012, hearing on the government's Motion to Revoke Release, the Court entered a new ORDER SETTING CONDITIONS OF RELEASE. *See* Doc.

No. 216. In the June 15, 2012, order, the Court imposed three conditions of release that were not contained in the Court's October 25, 2011, order setting conditions of release, including: (1) Ahrensfield must "not possess a firearm, destructive device, or other weapon," (2) Ahrensfield "must submit to a search of his property, vehicles, business, and residence, for the purpose of detecting firearms, destructive devices or other dangerous weapons," and (3) Ahrensfield must have "no proactive contact with members of law enforcement." The Court concludes that Ahrensfield is likely to comply with these conditions of release and does not pose a flight risk or danger to the community.

**D.**     **Document Number 215 Will Be Unsealed**

At the June 15, 2012, hearing, the government made an oral motion to unseal Defendant's SEALED NOTICE OF SUPPLEMENTAL EXHIBIT TO DEFENDANT BRAD AHRENSFIELD'S SEALED RESPONSE TO THE UNITED STATES' MOTION TO REVOKE DEFENDANT'S RELEASE PENDING APPEAL (Doc. No. 215). Ahrensfield did not object to the government's oral motion to unseal Document Number 215. Accordingly, Document Number 215 will be unsealed, by agreement of the parties.

**IT IS ORDERED THAT:**

(1)     The UNITED STATES' MOTION TO REVOKE DEFENDANT'S RELEASE PENDING APPEAL (Doc. No. 210) is denied, in that the Court will not enter an order revoking Defendant Ahrensfield's release at this time;

(2)     Defendant Ahrensfield is subject to the conditions of release described in the ORDER SETTING CONDITIONS OF RELEASE (Doc. No. 216), entered June 15, 2012;

(3)     Defendant Ahrensfield's Exhibit 2 (Doc. No. 212-2), the AFFIDAVIT OF STEVEN R. ROBERTS, has been withdrawn, and the Court will disregard the affidavit; and

(4)     Defendant's SEALED NOTICE OF SUPPLEMENTAL EXHIBIT TO DEFENDANT BRAD AHRENSFIELD'S SEALED RESPONSE TO THE UNITED STATES' MOTION TO REVOKE DEFENDANT'S RELEASE PENDING APPEAL (Doc. No. 215) will be unsealed, by agreement of the partes.

                                                      _____
                                                      UNITED STATES DISTRICT COURT JUDGE